UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **TERRY LEE WILCOX,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:05-CV-107 |
| ) | |
| **CSX TRANSPORTATION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Exclude Plaintiff's Expert Witnesses (Docket # 22), seeking to preclude Plaintiff Terry Wilcox from calling expert witnesses because Wilcox's Rule 26(a)(2) disclosures were produced weeks too late. For the following reasons, Defendant's motion will be GRANTED with respect to Wilcox's economic expert, but DENIED in all other respects.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2005, Wilcox, a brakeman/conductor employed by Defendant CSX Transportation, Inc., a corporation that operates a railroad, filed a complaint against CSX asserting claims under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51, *et seq.*, for, *inter alia*, cumulative trauma injuries purportedly caused by Wilcox's walking on oversized ballast on the job. (Compl. ¶¶ 1, 2, 7, 9, 11-12, 20-21.)

In accordance with Federal Rule of Civil Procedure 26(f), the parties filed their Report of Parties' Planning Meeting on June 9, 2005. (Docket # 9.) However, at the Rule 26 preliminary pretrial conference on June 15, 2006, the Court ordered the parties to submit a revised Report of

Parties' Planning Meeting, which they did on June 24, 2005. (Docket # 10, 13.)  The revised Report was made an Order of the Court on July 27, 2005 (Docket # 17), and identified the following deadlines: June 29, 2005, for pre-discovery disclosures under Rule 26(a)(1); July 7, 2005, for amendments to the pleadings; December 1, 2005, for disclosure of experts by Wilcox under Rule 26(a)(2); January 15, 2006, for disclosure of experts by CSX under Rule 26(a)(2); April 1, 2006, for completion of all discovery; April 20, 2006, for filing of all dispositive motions. (Report of Parties' Planning Meeting ¶¶ 2-4.)  A trial date of September 19, 2006, for the matter was established by the Court. (Docket # 11.)

Despite the deadlines agreed upon by the parties, Wilcox's attorney, Robert Thompson, failed to disclose Wilcox's experts under Rule 26(a)(2) by the December 1, 2005, deadline. Despite Thompson's failure, CSX produced its own expert reports on January 16, 2006. (Def.'s Mot. to Exclude Pl.'s Expert Witnesses at Ex. A.)

Apparently CSX's disclosure of its experts brought Thompson's oversight to the forefront, as the next day he faxed a letter to CSX's counsel, apologizing for the delay in disclosing experts and explaining that the oversight arose from his office's failure to calendar the electronic notice it received of the Court's adoption of the revised Report. (*Id*. at Ex. C.) Additionally, Thompson's letter identified Ray Duffany and Robert Andres as Wilcox's two liability experts, indicating that CSX would receive their reports in fifteen to thirty days, and stated that Wilcox's medical expert would be identified within fourteen days. (*Id*.)  On that same day, CSX sent correspondence back to Thompson, which stated that it intended to object to any expert witnesses called by Wilcox due to his untimely disclosures. (*Id*. at Ex. B.)

As Thompson promised, CSX received the preliminary reports of Duffany and Andres

from Thompson on February 9 and 16, 2006, respectively. (*Id*. at Exs. D, E.) However, Thompson failed to disclose a medical expert during the fourteen-day time period that he previously articulated. Instead, on February 8, 2006, Thompson sent a letter to CSX's counsel notifying him that Dr. John Dwyer, the medical expert who had examined Wilcox and who served as a medical expert routinely for Thompson in other FELA cases, had passed away and that Wilcox would be examined by a new medical expert as soon as possible. (*Id*. at Ex. F.) Finally, on February 16, 2006, Thompson identified Dr. Rodney Stuck as a medical expert, stating that Wilcox would be examined by him on March 2, 2006, and that a "report should be forthcoming within days of that examination."[1] (*Id*. at Ex. E.)

CSX filed the instant motion to exclude Wilcox's experts, arguing that it is prejudiced by the late expert disclosures. (*Id*. at 4-6.) Wilcox, however, vehemently contends that the oversight was harmless, as CSX is familiar with both Duffany and Andres because they have served as experts for Thompson and his firm Harrington, Thompson, Acker & Harrington, Ltd. (the "Harrington Firm") in numerous other FELA cases against CSX. Furthermore, because of the untimely death of Dr. Dwyer who had previously examined Wilcox, Thompson had no choice but to schedule an evaluation of Wilson by another medical expert. (Pl.'s Resp. to Def.'s Mot. to Exclude Pl.'s Expert Witnesses at 4-12.) Thompson argues that CSX and its attorneys are on familiar terrain as they routinely defend FELA cases advanced by plaintiffs represented by the Harrington Firm, so much so that CSX was able to name its own countering experts

---

[1] By letter dated February 7, 2006, Thompson also notified CSX of its intent to name Michael Thomson as an economic expert. (Def.'s Mot. to Exclude Pl.'s Expert Witnesses at Ex. G.) However, in the face of CSX's objection, Thompson has abandoned this pursuit acknowledging that, unlike Duffany and Andres, CSX is unfamiliar with Thomson, nor are special circumstances, such as Dr. Dwyer's death, present. (*See* Pl.'s Resp. to Def.'s Mot. to Exclude Pl.'s Expert Witnesses at 13.)

*before* Thompson identified Wilcox's experts, and thus his late disclosures are not prejudicial. Since the motion is now fully briefed, we turn to its merits.

## II.  LEGAL STANDARD

Parties are required to disclose to other parties certain categories of information without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1).  To ensure compliance with Rule 26(a)(1), Rule 37(c)(1) provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, *unless such failure is harmless*, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Generally, "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)); *see also Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004).  If, however, "exclusion necessarily entails dismissal of the case, the sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Musser*, 356 F.3d at 756 (quoting *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000)).

Furthermore, when deciding whether to impose the sanction of exclusion, the following factors should guide the court's analysis: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857.

### III.  DISCUSSION

Here, as both parties point out, CSX's motion hinges on whether or not Thompson's error can be considered harmless, as clearly no substantial justification for the delay in disclosing expert witnesses is present.  CSX asserts that the tardy disclosures are far from harmless, contending that it is significantly prejudiced because the disclosures came on the eve of the close of discovery and only six months prior to trial.

Despite CSX's vehement contentions, it does not appear that CSX is prejudiced by Thompson's untimely expert disclosures.  First, Anspach, Meeks and Ellenberger, LLC (the "Anspach Firm"), the firm who represents CSX in this action, has defended CSX in at least eight other FELA suits filed by plaintiffs who were represented by the Harrington Firm, in which Andres was retained as a liability expert on the plaintiff's behalf. (*See* Pl.'s Resp. to Def.'s Mot. to Exclude Pl.'s Expert Witnesses at 4-5.)  Moreover, James Carnes, the attorney with the Anspach Firm who is appearing on behalf of CSX in this case, has apparently defended CSX in a case advanced by a plaintiff, who like Wilcox, was asserting a claim under FELA based upon oversized ballast and disclosed Andres (together with his report) as an expert witness. (*Id*. at 5.)  Thus, Andres is hardly an "unknown" to the Anspach Firm or Carnes, which cuts against CSX's argument of prejudice and surprise.

Likewise, the Anspach Firm has also apparently defended CSX in "a number of cases" in which the Harrington Firm retained Duffany as an expert witness on behalf of a plaintiff asserting a FELA claim against CSX, and the Anspach Firm has previously deposed him. (*Id*. at 6-7.)  Again, this familiarity with Duffany serves to reduce the prejudice or surprise that CSX experienced with the late disclosures.

5

Most telling, however, is the fact that CSX was able to disclose its own experts *prior to* ever receiving Wilcox's disclosures and without discussing the subject of expert testimony with Thompson. (Def.'s Mot. to Exclude Pl.'s Expert Witnesses at Ex. A.)  Of course, CSX's disclosure was not based on some sort of premonition, but rather on the long history of litigating these claims with Thompson and the Harrington Firm.  Accordingly, CSX knew exactly who Wilcox would name, which afforded them the opportunity and confidence to name their own usual experts.  Overall, it is hard to manufacture prejudice from such facts, and CSX has failed to do so.

Likewise, it appears that CSX was familiar with Dr. Dwyer, who Thompson seems to infer would have been retained as Wilcox's medical expert had he not become ill and ultimately passed away. (*See* Pl.'s Resp. to Def.'s Mot. to Exclude Pl.'s Expert Witnesses at 11-13.) Apparently, Dr. Dwyer routinely served as a medical expert on behalf of other plaintiffs represented by the Harrington Firm who filed FELA claims against CSX, and had examined Wilcox on December 28, 2004, a report of which was forwarded to CSX. (*Id*.)  Due to Dr. Dwyer's untimely passing, it can reasonably be inferred that *both* CSX and Wilcox are equally prejudiced now, as Wilcox had to retain, and be examined by, a different medical expert, with both parties receiving his report on the same day. (*See* Pl.'s Sur-Reply to Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Exclude Pl.'s Expert Witnesses at 1-2.)  Simply stated, CSX is likely in the same situation now that it would have been in had Thompson timely disclosed Dr. Dwyer as Wilcox's medical expert.

As to the other relevant factors, any prejudice to CSX can be remedied by extending the

6

April 1 discovery deadline with respect to the experts, as the trial date is still six months away.[2]

*See Westefer*, 422 F.3d at 584 n.21 (noting that any prejudice that was suffered by the party against whom the evidence was offered easily could have been cured by granting it additional time in which to respond to the new allegations); *Musser*, 356 F.3d at 759.  Moreover, as CSX acknowledges, there is simply no bad faith apparent here on Wilcox's behalf. (*See* Def.'s Reply Br. in Supp. of its Mot. to Exclude Pl.'s Expert Witnesses at 4.)

Thus, under the particular circumstances of this case, Wilcox's late disclosures are essentially harmless or can be made so by extending the discovery and dispositive motion deadlines. *See generally David*, 324 F.3d at 857 (emphasizing a court's broad discretion with respect to determining whether a Rule 26(a) violation is justified or harmless).  On this premise, barring Wilcox's expert witnesses would be a grossly disproportionate and on this record an unwarranted sanction for Thompson's oversight. *See Sherrod*, 223 F.3d at 610.  Rather, the Court on its own motion will extend the discovery and dispositive motion deadlines to remedy any conceivable prejudice experienced by CSX due to Thompson's inadvertent delay.[3] *See Westefer*, 422 F.3d at 584 n.21; *Musser*, 356 F.3d at 759.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Plaintiff's Expert Witnesses (Docket # 22) is GRANTED with respect to Plaintiff's economic expert, but DENIED in all

---

[2] In that vein, Wilcox has offered CSX the opportunity to supplement its medical expert opinion once Dr. Stuck's report becomes available and he has been deposed. (*See* Pl.'s Resp. to Def.'s Mot. to Exclude Pl.'s Expert Witnesses at 12.)

[3] CSX does not argue that any of Wilcox's purported experts would be subject to evidentiary objections, (*see* Report of Parties' Planning Meeting ¶ 3); however, the Court will also extend that deadline in order for them to do so.

other respects.  The Court on its own motion extends the discovery deadline to May 15, 2006, and the dispositive motion deadline to June 15, 2006.  Any evidentiary objections that Defendant may have to Plaintiff's experts are to be filed by May 15, 2006.  SO ORDERED.

    Enter for March 29, 2006.

                      S/ Roger B. Cosbey
                      Roger B. Cosbey
                      United States Magistrate Judge